# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BOBBY GILES, JR. | * | |
| Plaintiff, | * | |
| v. | * | Civil No.: BPG-18-62 |
| UNITED STATES OF AMERICA, | * | |
| Defendant | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Currently pending before the court are plaintiff Bobby Giles Jr.'s Petition for Judicial Review of Clerk's Order Taxing Costs ("Petition") (ECF No. 61) and defendant United States of America's Opposition to Plaintiff's Petition for Judicial Review of Clerk's Order Taxing Costs ("Opposition") (ECF No. 62). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, plaintiff's Petition (ECF No. 61) is granted.

## I. BACKGROUND

This Federal Tort Claims Act ("FTCA") case arising out of a motor vehicle accident was tried before the undersigned on July 1, 2019. (ECF No. 51). Plaintiff and a United States Postal Service ("USPS") employee driving a USPS truck were involved in a motor vehicle collision on February 12, 2017. (ECF No. 45 at 1–2). Plaintiff brought this action alleging defendant's USPS employee operated the USPS truck negligently, thereby causing a collision with plaintiff's vehicle. (Id.) Plaintiff sought medical treatment for injuries sustained as a result of the collision. (Id. at 4). Plaintiff did not suffer any permanent injuries as a result of the collision and plaintiff ceased

medical treatment after March 16, 2017. (Id.) Plaintiff did not make a claim for property damage to his vehicle and the maximum amount plaintiff could recover under the FTCA was $27,186.76. (Id.) After a one-day bench trial, the undersigned entered judgment in favor of defendant. (ECF No. 55).

On July 22, 2019, defendant filed a Bill of Costs requesting $5,1277.27, (ECF No. 56), and on July 23, 2019, defendant filed an amended declaration regarding supporting documentation for travel expenses. (ECF No. 57). Plaintiff timely opposed defendant's Bill of Costs, (ECF No. 58), to which defendant timely replied. (ECF No. 59). On January 16, 2020, the Clerk of Court entered an Order Taxing Costs in the amount of $5,177.27. (ECF No. 60). On January 22, 2020, plaintiff moved for this Court to review the Clerk's Order Taxing Costs. (ECF No. 61).

## II.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 54(d)(1), the prevailing party of a suit should be allowed costs, other than attorney's fees, unless a federal statute, the Federal Rules of Civil Procedure, or a court order provide otherwise. Fed. R. Civ. P. 54(d)(1). "In this District, the Clerk of Court is entrusted with the taxation of costs in the first instance." Skeberdis v. Brill, Civil No. PX-17-404, 2019 WL 5625849, at *1 (D. Md. Oct. 31, 2019) (citing U.S. District Court for the District of Maryland Guidelines for Bills of Costs § I.A (2013); Fed. R. Civ. P. 54(d) (providing that the "clerk may tax costs on 14 days' notice")). This Court conducts a de novo review of the Clerk's taxation of costs. Skeberdis, 2019 WL 5625849, at *1; see also Fed. R. Civ. P. 54(d)(1).

Rule 54(d)(1) "'creates the presumption that costs are to be awarded to the prevailing party," id. (quoting Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999)),

2

however, the court may deny an award of costs "so long as 'good reason' for the denial is articulated." Id. (quoting Ellis v. Grant Thornton LLP, 434 Fed. App'x, 232, 235 (4th Cir. 2011)). Factors the court considers include "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." Id. (citing Cherry, 186 F.3d at 446). The court has discretion to deny an award of costs if a presumptive cost award would be unjust. Id. (citing Cherry, 186 F.3d at 446).

### III. DISCUSSION

Plaintiff objects to the Clerk's Order Taxing Costs, arguing that an award of costs is unjust because plaintiff is "of modest means, [plaintiff] filed this suit in good faith, [defendant] did not make any effort to mitigate its damages, the case was closely decided, and the costs incurred were excessive given the circumstances of the case." (ECF No. 61 at 4). Specifically, plaintiff argues that the bill of costs is "inequitable, unfair, and [would be] financially crippling" because it amounts to more than 10% of his annual income before taxes. (Id.) Plaintiff additionally asserts that with his modest salary, he must care for his family, and pay for "health, dental, and life insurance, rent, food, child support, and credit card debt." (Id.) Plaintiff further contends that defendant incurred "excessive costs in light of the complexity of this case" and made no effort to mitigate its damages. (Id. at 5). Specifically, plaintiff argues that despite this case being a "simple motor vehicle accident with mild to moderate injuries," defendant "took over 11.5 hours of discovery deposition testimony[] and called six witnesses at trial." (Id. at 6–7).

Defendant opposes plaintiff's petition, arguing that plaintiff caused the motor vehicle accident and "Rule 54(d) . . . makes clear that a prevailing party is entitled to an award of costs in

the ordinary course." (ECF No. 62 at 1–2). Further, defendant argues that the costs it incurred defending the lawsuit were not excessive. (Id. at 2). Specifically, defendant asserts that its depositions were completed in accordance with the length restrictions ordered by the court, its deposition of plaintiff's expert witness was an expense created by plaintiff's litigation choices, and the testimony of the witnesses at trial were necessary and helpful to the trier of fact. (Id.) Notably absent from defendant's opposition is any response to plaintiff's financial hardship argument.

The court may deny costs "if the non-prevailing party is of sufficiently 'modest means' such that it would be unjust or inequitable to enforce Rule 54(d)(1) against him." Skeberdis, 2019 WL 5625849, at *2 (citing Cherry, 186 F.3d at 447). It is the non-prevailing party's responsibility to provide adequate documentation demonstrating its modest means and inability to pay costs. Id.

Plaintiff asserts that he is of "modest means," and provides a financial affidavit in support of his argument that he is unable to pay costs. (ECF No. 61-2). See King v. E. Shore Water, LLC, Civil No. SKG-11-1482, 2013 WL 4603316, at *3 (D. Md. Aug. 27, 2013) (relying on a financial affidavit to determine plaintiff "made a clear showing that she is of modest means"). In his affidavit, plaintiff demonstrates that his monthly earnings before taxes equal $3,840.00, and that he makes an additional $3,000.00 per year through a secondary job. (ECF No. 61-2 at 2). Based on this income, plaintiff attests that a $5,177.27 bill of costs debt would "severely burden [his] financial situation" because of his monthly expenses, which include $1000 per month in rent, $700 per month in child support, $232 per month in health and dental insurance premiums, and $53 per month for life insurance. (Id. at 2–3). In addition to these fixed costs, plaintiff states that he is responsible for paying utilities and groceries for his seven-person household. (Id. at 2). Further, plaintiff notes that he is making monthly payments to pay down the $3,000 medical bill debt that he incurred as a result of the subject motor vehicle accident. (Id. at 2). The record before the court

amply supports the conclusion that plaintiff is of modest means and is unable to pay the assessed costs. See Levy v. Lexington Cty., S.C., No. CA 3:03-3093-MBS, 2012 WL 6675051, at *3 (D.S.C. Dec. 20, 2012) (denying $12,898.70 in costs and finding that the non-prevailing parties were of modest means where they earned $44,598 and $109,647 per year but carried $21,000 in debt). Accordingly, I conclude that it would be "unjust or inequitable to enforce Rule 54(d)(1) against [plaintiff]." Skeberdis, 2019 WL 5625849, at *2.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's Petition for Judicial Review of Clerk's Order Taxing Costs (ECF No. 61) is GRANTED.

February 25, 2020 /s/
Beth P. Gesner
Chief United States Magistrate Judge